Teamsters Local Union 77, Turnpike Commission & Public Service Employees, Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Appellee.

Teamsters Local Union 77, Turnpike Commission & Public Service Employees, Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Appellee.

Argued December 12, 1984, before Judges WILLIAMS, JR. and BARRY and Senior Judge BLATT, sitting as a panel of three.

*Kenneth S. Hall,* for appellant.

*Ellis H. Katz,* with him, *James L. Crawford* and *John B. Neurohr,* for appellee.

*Joseph P. Cronin, Jr.,* of counsel: *Cronin, Emuryan and Breen,* for intervenor, Delaware County Prison Employees Independent Union.

OPINION BY JUDGE BLATT, May 22, 1985:

The Teamster's Local Union 77, Turnpike Commission and Public Service Employees (Teamsters) appeal here an order of the Court of Common Pleas of Delaware County which affirmed final orders of the Pennsylvania Labor Relations Board (Board) dismissing unfair practice charges against the Delaware County Prison Employees Independent Union (Independent) which the Teamsters had filed with the Board and dismissing the Teamsters' exceptions to the Board's Nisi Order of Certification of the Independent as the exclusive bargaining representative for prison guards at the Delaware County Prison.

Since 1972, prison guards at the Delaware County Prison constituted a collective bargaining unit represented by the Teamsters. Dissatisfied with the Teamsters' representation, however, employees at the prison formed the Independent, which, seeking to represent the prison guards, filed a representation petition in anticipation of the August 31, 1980 expiration of the then-current collective bargaining agreement.[1] On August 13, 1980 the County and the Teamsters de-

---

[1] Pursuant to Section 605(7) of Pennsylvania's Public Employees Relations Act (PERA), Act of July 23, 1970, P.L. 563, 43 P.S. §1101.605(7), an election may not be held to challenge an incumbent public employee bargaining representative's status during the

clared an impasse in negotiating a new collective bargaining agreement, and invoked the compulsory interest arbitration procedures of Pennsylvania's Public Employees Relations Act.[2] Accordingly, arbitration hearings were held, as a result of which a collective bargaining agreement was executed on September 18, 1980 between the County and the Teamsters based upon the terms of the arbitration award. The Board had, in the meanwhile, scheduled hearings on the Independent's representation petition, and, on February 24, 1981, an order was issued scheduling a representation election for March 26, 1981, which proceeded as scheduled and was won by the Independent.

The Teamsters thereafter filed objections to the election with the Board, charging the Independent with unfair practices in the conduct of the election, alleging that the Independent had improperly engaged in electioneering at the polling place. These objections, however, were dismissed by the Board on July 14, 1981. The Teamsters also filed objections to the certification of the Independent as the exclusive representative of the prison guards, but these objections were likewise dismissed by the Board, which ordered the certification of the Independent on August 7, 1981. The Teamsters filed exceptions to both Board orders and, on December 3, 1981, the Board issued final orders dismissing the exceptions, leading the Teamsters to appeal to the Court of Common Pleas of Delaware County, which affirmed the Board, resulting in the instant appeal.

term of a collective bargaining agreement (up to three years) or within twelve months of a preceding representation election. Petitions for representation elections must be filed within a "window period" no sooner than ninety days nor later than sixty days preceding the expiration date of a bargaining agreement or between its expiration date and such time as a new agreement is formed.

[2] Sections 801-806(a) of PERA, 43 P.S. §§1101.801-1101.806(a).

The Board's findings establish that, for purposes of the election, Board agents designated the polling area to be the area within the prison's work release center; that representatives of the Independent were present outside the work release center greeting and speaking with employees who were going in to vote; that, during the afternoon voting, these representatives told employees to go to the parking lot after voting and to return when called to hear the election results; and that prospective voters were told that there would be a party after the results were announced.

In this appeal, the Teamsters contend that the trial court erred in failing to find the area immediately outside the work release building to be within the polling area designated by the Board. They argue that there was not substantial evidence to support the Board's findings that the polling area was inside the work release center, and therefore, that the Independent's representatives' conversations with voters constituted illegal electioneering within the polling area.

Our scope of review concerning decisions of the Board is limited to determining whether or not the findings of fact are supported by substantial evidence and whether or not the conclusions drawn from those findings are reasonable; questions of credibility, the weight to be accorded evidence, and the resolution of conflicting evidence being within the exclusive province of the Board and not subject to our review, *Joint Bargaining Committee of the Pennsylvania Social Services Union v. Pennsylvania Labor Relations Board*, 68 Pa. Commonwealth Ct. 307, 449 A.2d 96 (1982), *aff'd* 503 Pa. 236, 469 A.2d 150 (1983). The Board's expertise concerning the complexities of labor matters should be shown deference, of course, and we will not lightly substitute our judgment for that of the Board. *Id.*

It appears that, in the unfair practice charges which the Teamsters filed, it was specified that representatives "had electioneered *outside* the polling area on behalf of the independent," and our careful review of the record reveals that witnesses at the hearing testified that the Board's agent had designated the polling place area to be within the work release center. We believe, therefore, that substantial evidence supports the Board's finding challenged here by the Teamsters.

The Teamsters further contend that the court below erred in affirming the Board's decision not to include, or to consider as part of the unfair electioneering charges they filed, their allegations that the Independent committed an unfair practice on the day of the representation election by maintaining a purportedly illegal check-off list to determine who had voted, and also that it had illegally promised a benefit to voting employees by telling them that a party would follow the election.

Our review of the record, however, reflects that these allegations of misconduct were not included in the particulars of the unfair practice charges which the Teamsters filed with the Board. And the Board's regulations require that, in order to be considered, unfair practice charges must set forth each particular act alleged as a violation, 34 Pa. Code §95.37. We believe, therefore, that no error was committed by failing to consider matters which were not raised in the charging party's complaint.[3]

The Teamsters also challenge the affirmance of the Board's order dismissing exceptions to the Board's

---

[3] The Board's regulations permit a complaint to be amended at any time prior to a final decision and order, 34 Pa. Code §95.329(a), but the Teamsters failed to avail itself of this opportunity to raise these facts as part of the unfair practice charges.

Nisi Order of Certification of the Independent as the exclusive bargaining representative of all guards at the county prison. They raise three issues in support of their position: that the Independent's representation petition was not timely filed, that the Independent had filed for a statutorily inappropriate bargaining unit, and that commencement of the interest arbitration procedures and the resulting collective bargaining agreement acted as a contractual bar to recognizing the Independent as the guards' exclusive bargaining representative.

None of these issues, however, were raised in the Teamsters' exceptions to the Board's Nisi Order of Certification, or in exceptions to the Board's order dismissing their unfair practice charges against the Independent. And, as the trial court stated:

It is an established principle of law that the *only* issues which the reviewing Court may address, on appeal from a Final Order of an administrative agency, are those which have been rasied in exceptions to the Agency. Rule 1551 of the Pennsylvania Rules of Appellate Procedure provides:

Rule 1551. *Scope of Review*

a) Review of quasi-judicial orders.
Review of quasi-judicial orders shall be heard by the Court on the record. No question shall be heard on or considered by the Court which was not raised before the governmental unit [with exceptions not relevant here].

. . .

The issues presented in the instant case do not fall within the exceptions to Rule 1551. Any and all of the issues presented could have been raised as exceptions to the Board's Nisi Order, but were not. . . . The purpose of Rule 1551 is to

require parties to exhaust their administrative remedies before seeking judicial review. The Board's own rules manifest the same concern in that 34 Pa. Code §95.97(3) clearly states "an exception not specifically raised shall be waived." In consideration of the foregoing, it is evident that all of the issues raised here by Petitioner are not properly before this Court for review and, therefore, are dismissed.

(Slip op. at 15-16)

We agree with the reasoning and the correct statement of law by the trial court, and will, accordingly, affirm the order of the Court of Common Pleas of Delaware County.

### Order

And Now, this 22nd day of May, 1985, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is affirmed.

Judge Williams, Jr. did not participate in the decision in this case.